IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr49

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| SHEDRICK DEANGELO TEAL ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant filed March 24, 2008, for a reduction of sentence based on amendments to the United States Sentencing Guidelines relating to crack cocaine offenses made retroactively effective on March 3, 2008. (Doc. No. 26). The time for the government to respond has passed.

The defendant pled guilty to a three-count indictment alleging possession of cocaine base with intent to distribute and possession of two firearms after being convicted of a felony. (Doc. No. 1: Indictment; Doc. No. 18: Acceptance and Entry of Guilty Plea). At sentencing, the Court sustained the defendant's objection to the crack cocaine offense level, finding that a two-level enhancement for possessing a dangerous weapon was not appropriate pursuant to USSG §2D1.1(b)(1). (Doc. No. 24: Statement of Reasons at 1). Counsel for the defendant did not argue the defendant's objection to the firearm possession offense level which included a four-level enhancement for possession in connection with another felony offense pursuant to §2K2.1(b)(5) (2004). (Presentence Report (PSR) Addendum). It was not necessary to address that objection because the corrected offense level for the crack cocaine offense and offense level for the gun offense with the enhancement were both eighteen.[1] The Court sentenced the defendant to thirty-seven months' imprisonment, the high-end of the advisory guideline range.

---

[1] The Court found that the defendant did not qualify for a reduction for acceptance of responsibility based on his conduct while on bond.

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 26). The amended offense level for possessing between one and two grams of cocaine base is sixteen. USSG Supp. to Appx. C., Amend. 706 (2007). The defendant's assertion that he is eligible for immediate release ignores the firearm offense level which was not affected by the retroactive amendments. (Doc. No. 27: PSR Supplement).

The Court finds that it is now necessary to address the defendant's objection to the firearm offense level. The Court previously determined that it was clearly improbable that the firearms were connected to the drug offense. USSG §2D1.1 cmt. n.3. Likewise, the evidence in this case does not establish that the firearms were possessed in connection with another felony offense. Accordingly, the Court sustains the defendant's objection to the four-level enhancement pursuant to USSG §2K2.1(b)(5), and reduces the offense level for the firearm offenses to fourteen. Pursuant to §3D1.3, the total offense level is sixteen. The defendant's criminal history category is II, resulting in an advisory guideline range of twenty-four to thirty months. The Bureau of Prisons has credited the defendant with serving approximately thirty months' incarceration. (Doc. No. 27: PSR Supplement).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to the time served plus ten days' imprisonment.

**IT IS FURTHER ORDERED** that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the United States Probation Officer. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this order to the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: April 9, 2008

Robert J. Conrad, Jr.
Chief United States District Judge